O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| CHRISTINA L. TARVER, | ) | Case No. ED CV 04-595 AN |
| Plaintiff, | ) | MEMORANDUM AND ORDER |
| v. | ) | |
| JO ANNE B. BARNHART, COMMISSIONER OF THE SOCIAL SECURITY ADMINISTRATION, | ) ) ) | |
| Defendant. | ) ) | |

## I. INTRODUCTION

Pursuant to 42 U.S.C. § 405(g), Plaintiff is seeking judicial review of the final decision of the Commissioner of the Social Security Administration (the "Commissioner") denying her claim for disability insurance benefits ("DIB") pursuant to Title II of the Social Security Act ("Act"). Both parties have consented to proceed before the undersigned Magistrate Judge. In accordance with the Court's Case Management Order, the parties have filed a Joint Stipulation ("JS") requesting the Court to summarily decide three disputed issues relating to the Administrative Law Judge's ("ALJ") decision denying Plaintiff's DIB claim.

## II. DISCUSSION

The parties are familiar with the background facts and evidence in the record. Accordingly, only the facts and evidence that are helpful to understanding and explaining

the Court's decision will be discussed below.

In the JS, Plaintiff contends the ALJ erred by: (1) improperly evaluating the medical evidence; (2) failing to properly assess Plaintiff's credibility; and (3) failing to provide adequate reasons for rejecting third party opinions concerning Plaintiff's impairments. The Commissioner disagrees.

After reviewing the parties' respective contentions and the record as a whole, the Court finds Plaintiff's contentions lack merit and are rejected for the reasons expressed by the Commissioner in her portions of the JS and the following reasons.

In evaluating Plaintiff's physical condition, the ALJ properly relied on the opinion of examining physician Rocely Ella-Tamayo, M.D. [Administrative Record ("AR") 15, 398-402]; *Lester v. Chater*, 81 F.3d 821, 830-31 (9th Cir. 1996). Plaintiff's complaint that the ALJ ignored the effects of her obesity is not persuasive. Dr. Ella-Tamayo found that Plaintiff was capable of performing medium work after specifically noting that Plaintiff was five-feet, six inches tall and weighed 198 pounds. [AR 400]. Thus, although the ALJ did not explicitly discuss Plaintiff's weight in the decision, it was indirectly addressed by the ALJ through his consideration of Dr. Ella-Tamayo's opinion. [AR 15]. The ALJ's reliance on Dr. Ella-Tamayo's opinion also justified his rejection of a State Agency medical consultant's opinion, which limited Plaintiff to a range of light work. [AR 15, 432, 438]; *Lester*, 81 F.3d at 831 ("The opinion of a nonexamining physician cannot by itself constitute substantial evidence that justifies the rejection of the opinion of either an examining physician or a treating physician."). Finally, Dr. Ella-Tamayo's assessment of Plaintiff's work-related restrictions provided substantial evidence for the ALJ's conclusion that Plaintiff does not need to avoid pulmonary irritants any more than any member of the public. [AR 15, 402].

Plaintiff's contention that the ALJ disregarded several physicians' opinions without mentioning them in his decision is also without merit. [JS at 4 (citing AR 333-37, 340-46, 357-59)]. The cited reports relate to time periods covered by Plaintiff's previous applications for benefits. [AR 13, 333-37, 340-46, 357-59]. Because the decisions

denying Plaintiff's prior applications for benefits had become final, the ALJ acted within his discretion in refusing to reopen the prior determinations. [AR 13, 19, 22-25] 20 C.F.R. § 404.988.

The ALJ also did not err in concluding that Plaintiff has no severe mental impairment. [JS 5-6]. While Plaintiff's treating psychiatrist considered Plaintiff disabled due to her mental condition, the ALJ accepted the opinion of Plaintiff's examining psychiatrist, Linda M. Smith, M.D. [AR 15]. Dr. Smith found that Plaintiff did not display any signs of severe anxiety or depression, and concluded that Plaintiff was not restricted in six out of six areas of functioning. [AR 397]. Because Dr. Smith's opinion was based on independent, clinical findings, the ALJ's decision to reject the treating physicians' opinions was supported by substantial evidence. *See Andrews v. Shalala*, 53 F.3d 1035, 1041 (9th Cir. 1989).

In discounting Plaintiff's subjective complaints about the severity of her alleged impairments, the ALJ cited inconsistencies between Plaintiff's alleged symptoms and her daily activities, which consisted of caring for her six children. [AR 15-16]; *Bunnell v. Sullivan*, 947 F.2d 341, 346 (9th Cir.1991); *Morgan v. Comm'r of Soc. Sec. Admin.*, 169 F.3d 595, 600 (9th Cir.1999). The ALJ also noted that Plaintiff's asthma was well controlled with medications. [AR15-16]; *see Orteza v. Shalala*, 50 F.3d 748, 750 (9th Cir. 1995) (*per curiam*)(factors ALJ may consider in assessing credibility include, *inter alia*, effectiveness or adverse side effects of pain medication). Further, the ALJ noted that Plaintiff's complaints were not substantiated by the medical evidence. [AR 16]. While subjective pain testimony cannot be rejected on the sole ground that it is not fully corroborated by objective medical evidence, the medical evidence is still a relevant factor in determining the severity of the claimant's pain and its disabling effects. 20 C.F.R. § 404.1529(c)(2). The ALJ's findings were sufficient to discredit Plaintiff's claims and to discount her subjective complaints. *Smolen v. Chater*, 80 F.3d 1273, 1288 (9th Cir. 1996).

///

Finally, the ALJ rejected the lay witness evidence because it conflicted with the medical evidence. Such rationale was proper. *See Lewis v. Apfel*, 236 F.3d 503, 511 (9th Cir. 2001)(citing *Vincent v. Heckler*, 739 F2d 1393, 1395 (9th Cir. 1984); *Regennitter v. Commissioner of the Soc. Sec. Admin.*, 166 F.3d 1294, 1298 (9th Cir. 1999)(finding that an ALJ may reject lay testimony for specific reasons germane to each witness).

### III. CONCLUSION

Accordingly, the Court finds the ALJ's determination of non-disability is free of legal error and supported by substantial evidence in the record. Therefore, Plaintiff's request for an order directing the payment of benefits or remanding this case for further proceedings is DENIED, and the Commissioner's request for an order affirming the Commissioner's final decision and dismissing the action is GRANTED. The clerk shall enter judgment, close the file and terminate all pending motions.

DATED:    October 13, 2005          /s/ Arthur Nakazato
                                    ARTHUR NAKAZATO
                                    UNITED STATES MAGISTRATE JUDGE